**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

**TIFFANY JONAH,**

Plaintiff,

v. Civil Action No.

**REPUBLIC AIRWAYS HOLDINGS INC.**

and/or

**REPUBLIC AIRWAYS INC.,**

Defendant.

**COMPLAINT AND JURY DEMAND**

Plaintiff Tiffany Jonah ("Plaintiff"), by counsel, alleges against Defendant Republic Airways Holdings Inc. and/or Republic Airways Inc. ("Republic" or "Defendant") as follows:

**INTRODUCTION**

1. This is an action for damages, equitable relief, and other remedies arising from Defendant's unlawful interference with Plaintiff's rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., retaliation for exercising FMLA rights.

2. Plaintiff was employed by Defendant as an airline pilot.

3. Plaintiff suffered from a serious medical condition involving leiomyoma and severe menstrual complications for which Defendant had approved intermittent FMLA leave prior to the events giving rise to this lawsuit.

4. During recurrent simulator qualification training conducted on February 5–6, 2025, Plaintiff experienced a severe and unforeseeable flare-up of her medical condition which substantially affected her physical condition and performance.

5. Rather than engage in an interactive process, provide additional training or accommodation routinely afforded to similarly situated pilots, or properly consider Plaintiff's medical circumstances, Defendant terminated Plaintiff's employment on April 2, 2025.

6. Defendant further failed to follow its own training procedures, denied Plaintiff access to training records, ignored required debriefing and remedial instruction procedures, improperly disclosed Plaintiff's confidential medical information to decisionmakers, and subjected Plaintiff to a biased disciplinary process.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under federal law, namely the FMLA.

**8.** Venue is proper in the Southern District of Indiana pursuant to 28 U.S.C. § 1391 because Defendant conducts substantial business in this District and a substantial part of the events giving rise to these claims occurred in this District.

**PARTIES**

9. Plaintiff Tiffany Jonah is an adult resident of the United States and was employed by Defendant as a pilot.

10. Defendant Republic Airways Holdings Inc. and/or Republic Airways Inc. is an employer within the meaning of the FMLA.

## FACTUAL ALLEGATIONS

### Plaintiff's Medical Condition and FMLA Leave

11. Plaintiff suffers from a chronic gynecological condition, including leiomyoma and severe menstrual complications.

12. Defendant was aware of Plaintiff's condition and had approved intermittent FMLA leave for that condition prior to February 2025.

13. Plaintiff's condition had worsened in early 2025 and involved severe symptoms including excessive bleeding, clotting, fatigue, and significant fluctuations in iron levels.

14. Prior to the simulator event at issue, Plaintiff's physician ordered bloodwork to ensure Plaintiff was medically fit for duty.

15. Plaintiff's bloodwork confirmed she was not anemic at the start of training.

16. Plaintiff reasonably and in good faith determined herself fit for duty at the beginning of training.

### February 5–6, 2025 Training Events

17. On February 5 and 6, 2025, Plaintiff participated in Continuing Qualification Maneuvers Validation ("CQMV") simulator training.

18. Plaintiff successfully completed portions of the evaluation, including knowledge validation and multiple maneuvers.

19. During the latter portion of the training day, Plaintiff experienced a sudden and severe flare-up of her medical condition.

20. The flare-up was exacerbated by inadequate break opportunities, lack of nearby water access, and restricted bathroom access during the approximately seven-hour simulator session.

21. Plaintiff became physically compromised and dehydrated during the evaluation.

22. One maneuver involving a single-engine landing became the focus of the subsequent disciplinary process.

23. Plaintiff was never informed that the maneuver had been formally graded as unsatisfactory or failed on the first day.

24. Instead, the evaluator merely asked Plaintiff whether she wished to "work on that."

25. Plaintiff responded affirmatively.

26. Defendant failed to provide the required debriefing, remedial instruction, or retraining regarding the maneuver.

27. Republic's AQP General Training Manual Section 3.8.5 requires evaluators to provide instruction for unsatisfactory tasks and determine appropriate retraining and repeat attempts.

28. Plaintiff repeatedly requested clarification regarding what she allegedly did wrong during the maneuver but did not receive substantive instruction or feedback.

29. Plaintiff's simulator partner, a line check airman, stated in a company communication that Plaintiff's landings "ended safely on the runway."

30. Plaintiff alleges that Defendant deviated from established training procedures and denied her opportunities routinely provided to similarly situated pilots.

**Plaintiff's FMLA Disclosure and Requests for Accommodation**

31. On February 7, 2025, Plaintiff notified Republic management, including Director of Training Andrew Petry and Kaye Keen, that her medical condition and FMLA-protected health issues contributed to the training event.

32. Plaintiff requested additional time, retraining, and another opportunity to complete the evaluation.

33. Plaintiff also requested consideration under Republic's Special Tracking and remedial training procedures.

34. Plaintiff alleges that Republic routinely provided additional training opportunities and retraining to other pilots.

35. Defendant denied Plaintiff's requests.

36. Instead, Plaintiff's confidential medical disclosures were forwarded to individuals involved in disciplinary decision-making, including Kevin Martz, who later participated in the Training Review Board ("TRB").

37. Plaintiff was informed that medical issues would not factor into the TRB decision.

38. Nevertheless, Plaintiff's medical information was shared with TRB participants, compromising the neutrality and fairness of the process.

**Training Review Board and Termination**

39. Defendant convened a TRB regarding Plaintiff's training event.

40. Plaintiff alleges the TRB relied upon inconsistent and inaccurate failure counts.

41. Plaintiff was denied meaningful access to underlying training records and instructor comments.

42. Defendant refused to provide complete training documentation despite Plaintiff's requests and despite contractual and regulatory requirements.

43. Plaintiff alleges Defendant failed to follow its own contractual and procedural requirements regarding debriefing, retraining, documentation, and review.

44. Plaintiff further alleges Defendant bypassed available remedial options and rushed Plaintiff toward termination.

45. On or about April 2, 2025, Defendant terminated Plaintiff's employment.

46. Plaintiff suffered lost wages, lost benefits, emotional distress, reputational harm, and other damages as a result.

**COUNT I**

**FMLA INTERFERENCE**

(29 U.S.C. § 2615(a)(1))

47. Plaintiff incorporates the preceding allegations.

48. Plaintiff was an eligible employee under the FMLA.

49. Defendant was an employer covered by the FMLA.

50. Plaintiff suffered from a serious health condition within the meaning of the FMLA.

51. Defendant interfered with, restrained, and denied Plaintiff's exercise of FMLA rights by failing to appropriately consider her approved intermittent leave and medical condition during the disciplinary and training process.

52. Defendant further interfered with Plaintiff's FMLA rights by penalizing Plaintiff for manifestations of her serious health condition.

53. As a direct and proximate result, Plaintiff suffered damages.

**COUNT II**

**FMLA RETALIATION**

(29 U.S.C. § 2615(a)(2))

54. Plaintiff incorporates the preceding allegations.

55. Plaintiff engaged in protected activity by utilizing approved intermittent FMLA leave and disclosing that her medical condition affected the training event.

56. Defendant subjected Plaintiff to adverse employment actions, including termination.

57. Plaintiff's protected activity was a motivating factor in Defendant's decision to terminate her employment.

58. Defendant's stated reasons for termination were pretextual.

59. As a direct and proximate result, Plaintiff suffered damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment in favor of Plaintiff and against Defendant;

B. Reinstate Plaintiff to her former position or award front pay in lieu of reinstatement;

C. Award back pay, lost wages, lost benefits, and other economic damages;

D. Award compensatory damages;

E. Award liquidated damages under the FMLA;

F. Award punitive damages where permitted by law;

G. Award attorneys' fees and costs;

H. Award pre- and post-judgment interest; and

I. Grant all other just and proper relief.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,
*/s/ Mark Waterfill*
Mark R. Waterfill, Atty. No. 10935-49
6425 E. Co. Rd. 600 S.
Plainfield IN 46168
(317) 501-6060
mark@waterfilllaw.com